# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JOHN L. HUNT, Inmate #03684-025,**  )
  )
      **Plaintiff,**  )
  )
**vs.**  )  **CIVIL NO. 06-1029-JPG**
  )
**ST. CLAIR COUNTY,** *et al.*,  )
  )
      **Defendants.**  )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, a prisoner proceeding *pro se*, has filed a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, together with a civil rights action. Plaintiff did provide a copy of his trust fund account statement with his motion (Doc. 2, p. 5). Interestingly, though, two lines have been blacked out – the line reflecting his account balance, and the line reflecting total deposits to his account for the last six months. Providing false or misleading information to a court may be grounds for dismissal of an action, *see* FED.R.CIV.P. 11, but at this point the Court will not assume that Plaintiff is attempting to mislead the Court as to his assets.

**IT IS THEREFORE ORDERED** that, within **THIRTY (30) DAYS** of the date of the entry of this order, Plaintiff shall submit a duplicate copy of his prison trust fund account statement for the six-month period immediately preceding the filing of the complaint. **That account statement shall not have any information blacked out, altered, or omitted**. Plaintiff is **ADVISED** that in the event he has been transferred among institutions during this six-month period, it is Plaintiff's responsibility to obtain a copy of his prison trust account statement from each such facility and to

forward it to the Court.  Plaintiff is **FURTHER ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed; such an obligation will exist whether or not Plaintiff is granted leave to proceed *in forma pauperis.*  28 U.S.C. § 1915(b)(1); *see also Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

    **IT IS FURTHER ORDERED** that upon conclusion of this thirty-day period, should Plaintiff fail to comply with this order, this case will be closed for failure to comply with an order of this Court.  FED.R.CIV.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

    **IT IS SO ORDERED.**

    **Dated: January 16, 2007.**

                                  **s/ J. Phil Gilbert**
                                    **U. S. District Judge**