IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN L. HUNT, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL NO. 06-1029-JPG |
| ST. CLAIR COUNTY, *et al.*, | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff, currently an inmate in the Federal Medical Center in Lexington, Kentucky, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

Plaintiff prefaces his complaint by discussing in general terms his group therapy sessions that began in December 2006. He states only that he "was asked to revisit and talk about all of [his] prior abnormal acts" as part of this "Victim Awareness Group." He identifies this paragraph as his first cause of action, but this paragraph states no discernable claim against any identifiable defendant. Thus, Plaintiff's "first cause of action" is dismissed for failure to state any claim against any defendant.

Plaintiff's second cause of action is almost as vague. He refers to individuals and entities he encountered from 1987 through 1991 who may or may not have done an evaluation of his mental health. He follows with a statement that discrimination is prohibited by the equal protection clause of the Fourteenth Amendment. While this statement may be true, it does not set forth any viable claim, and this "second cause of action" is dismissed for failure to state any claim against any defendant.

Plaintiff then recites a chronology of events, beginning in August 1989, when he was 15 years old, and running through July 1996, when he completed a state parole term. He discusses his various criminal acts and drug abuse history, as well as the places that he was either incarcerated or treated due to his actions. It is within this chronology that the theme of this action becomes clear: Plaintiff believes that each of the named defendants – attorneys, judges, treatment centers, prisons, state agencies and entities – had some sort of duty or responsibility to request a complete mental evaluation of him to determine if he suffered from some form of mental incompetence, defect, or disability.[1]

Section 1983 provides a private remedy for protecting constitutional rights. *Albright v.*

---

[1] Why Plaintiff believes they owed him this duty, or how Plaintiff was harmed by their collective failure to act, is not stated.

*Oliver*, 114 S.Ct. 807, 811 (1994). "Section 1983 'is not itself a source of substantive rights' but merely provides a 'method for vindicating federal rights elsewhere conferred.'" *Albright*, 114 S.Ct. at 811 (emphasis added) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). In a Section 1983 case, courts look to the personal injury laws of the state where the injury occurred to determine the statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 280 (1985). Illinois law provides a two-year statute of limitations for personal injury actions. 735 ILCS 5/13-202. Therefore, Section 1983 claims arising in Illinois are governed by a two-year statute of limitations. *See Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993); *Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992). Federal law, however, governs the accrual of such claims. *Kelly*, 4 F.3d at 511.

In this case, the events in question happened from 1989 through 1996; thus his Section 1983 action should have been filed within two years, or by July 1998. However, Plaintiff did not file this action until December 18, 2006, over eight years too late to proceed with claims arising out of even the most recent of these events. Therefore, since the complaint was not filed within the statute of limitations period, his claims do not survive review under 28 U.S.C. § 1915A.

Accordingly, this action is **DISMISSED** with prejudice. Plaintiff should consider his complaint dismissed as legally frivolous within the meaning of 28 U.S.C. § 1915A(b)(1). Therefore, Plaintiff is **ADVISED** that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**Dated: January 9, 2008.**

                                               s/ J. Phil Gilbert
                                               **U. S. District Judge**